**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KAREN NELSON, Personal**
**Representative of the Estate of**
**CHARLES WILBUR NELSON, III,**
**deceased,**

        **Plaintiff,**

**v.**                                                   **Case No. 3:09-cv-512-MCR/MD**

**AERONAUTICAL ACCESSORIES, INC.,**
**BELL HELICOPTER TEXTRON, INC.**
**EDWARDS AND ASSOCIATES, INC.**
**PHI AIR MEDICAL, INC.** a/k/a **PHI, INC.**
f/n/a **PETROLEUM HELICOPTERS, INC.**
**SIKORSKY AIRCRAFT CORPORATION,**
**SIKORSKY INTERNATIONAL PRODUCTS,**
**INC. and SIKORSKY SUPPORT SERVICES,**
**INC.** d/b/a **SIKORSKY AEROSPACE**
**MAINTENANCE**
        **Defendants.**

_____/

## DEFENDANTS' AERONAUTICAL ACCESSORIES, INC., BELL HELICOPTER TEXTRON, INC. AND EDWARDS AND ASSOCIATES, INC. MOTION TO TRANSFER VENUE

Defendants AERONAUTICAL ACCESSORIES, INC., BELL HELICOPTER TEXTRON, INC. and EDWARDS AND ASSOCIATES, INC. (hereafter collectively referred to as "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. § 1404(a), hereby move to transfer venue from the United States District Court for the Northern District of Florida to the United States District Court for the Eastern District of Louisiana, New Orleans Division. Venue is proper in the Eastern District of Louisiana because the accident at issue occurred in Louisiana, the majority of evidence and witnesses to the accident is or will be present in Louisiana, and several other lawsuits arising out of the accident are currently pending there,

one of which was filed on behalf of Charles Wilbur Nelson III's (hereafter "Charles Nelson") minor son.  In support thereof, Defendants attach the affidavit of Brian M. LeCompte as Exhibit "1" and state the following:

## INTRODUCTION/FACTUAL BACKGROUND

1.      This case is substantially identical to several cases currently being litigated in the Eastern District of Louisiana, New Orleans Division.  Those actions involve the same accident that is at issue in this case, involve the same defendants, and involve the same claims of product liability and negligence that is claimed against the Defendants in this case.  Additionally, one of the cases involves damages claimed on behalf of Charles Nelson's minor son.  These damages are the same damages that are being claimed on his son's behalf in this case.

2.      On January 4, 2009, Charles Nelson, through his employment with MMR Exploration Co., was onboard a helicopter travelling from Amelia, Louisiana to an offshore work site in the Gulf of Mexico.  The helicopter crashed approximately ten miles south-east of Morgan City, Louisiana, resulting in the death of Charles Nelson and several other passengers.

3.      On March 26, 2009, the first case arising from this accident was filed against the Defendants in the Eastern District of Louisiana, New Orleans Division.  That case is styled Kelly Yelton, et. al. v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3144 (hereafter "Yelton").

4.      Subsequently, nine other cases arising out of the same accident were filed against the Defendants in the Eastern District of Louisiana, New Orleans Division.  All cases, as listed below, were consolidated with Yelton.[1]

---

[1] PHI, Inc. filed a Cross-Claim against Defendant Aeronautical Accessories, Inc. (hereafter "AAI") in Yelton.  The only claim PHI, Inc. alleges against AAI is in redhibition and arises out of the sale of the windshields installed on the accident helicopter.   PHI Inc.'s redhibition claim triggers the forum selection clause in the Fleet Operator

a.   Kristin Mauricio v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3459.

b.   Britain Martinez Boudreaux v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3475.

c.   Pamela Claire Norton Rivero v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3496.

d.   Tony Rivero v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3551.

e.   Carley Schoen v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-4197.

f.   Stacie Tarpley et. al. v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3814.

g.   Kim Martin v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-3847.

h.   Barbara Boudreaux Bryant v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-4182.

i.   Abigail Hanna v. PHI, Inc. et. al., United States District Court, Eastern District of Louisiana, New Orleans Division, Case Number 09-4350.

5.   One of the cases consolidated with Yelton is the case filed by Carley Schoen, the natural mother of Charles Nelson's minor son, Charles Landon Schoen Nelson (hereafter

---

Agreement, under which the windshields were sold and under which the parties agreed to litigate any dispute arising out of the agreement in Tennessee.  Furthermore, prior to PHI, Inc. filing this Cross-Claim, AAI had filed a Complaint for Declaratory Judgment in the matter styled Aeronautical Accessories, Inc. v. Petroleum Helicopters, Inc., filed in the Circuit Court for Sullivan County at Bristol, Tennessee, bearing Civil Action No. C13699(C), and seeking determination of its rights under the Limited Warranty applicable to the windshields in the agreement.  AAI has filed a Motion to Dismiss PHI, Inc.'s Cross-Claim for improper venue pursuant to the agreement's forum selection clause.  AAI's Motion to Dismiss is strictly limited to PHI, Inc.'s claim and should not prevent this Court from transferring venue to the Eastern District of Louisiana.

"Landon Nelson"). [*See* Yelton D.E. 62].    That case is also pled against the Defendants and claims damages on behalf of Landon Nelson as a result of Charles Nelson's death.  The case does not claim damages on behalf of Carley Schoen.

6.      On or about April 9, 2009, Charles Nelson's mother and the Personal Representative of his Estate, Karen Nelson, filed this wrongful death lawsuit against the Defendants in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida. This case claims damages on behalf of Charles Nelson's estate and his alleged survivors. The damages claimed on behalf of Landon Nelson are identical to the damages alleged on his behalf in the Schoen case.

7.      On November 16, 2009, this case was removed to this Court.  [D.E. 1].

8.      In apparent anticipation of this Court's transferring venue to the United States District Court for the Eastern District of Louisiana, New Orleans Division, the Plaintiff in this case obtained local counsel in New Orleans and filed a brief on choice of law with the Yelton court. [Yelton D.E. 155].  Plaintiff's counsel advised the Yelton court that he anticipates that this case will be transferred to the Eastern District of Louisiana, New Orleans Division and consolidated with the Yelton case, as evidenced by the court's order on Plaintiff's Brief, wherein the court stated:

> Further, having been advised that the Florida state suit filed on behalf of the estate of Charles Nelson, III has been removed to federal court and is going to be transferred to this Court, the ruling on whether Florida substantive law applies will be deferred.

A copy of the order in the Yelton case is attached as Exhibit "2".

9.      Here, the only connection Plaintiff claims that this case has to Florida is the allegation that Plaintiff is a resident of Pensacola, Escambia County, Florida, and Charles Nelson was a domiciliary of Florida at the time of his death. (Pl's. Am. Compl. at ¶ 7).

10.     Defendant, AERONAUTICAL ACCESSORIES, INC. is a Tennessee Corporation with its principal place of business in Piney Flats, Tennessee.

11.     Defendant, BELL HELICOPTER TEXTRON, INC. is a Delaware Corporation with its principal place of business in Fort Worth, Texas.

12.     Defendant, EDWARDS AND ASSOCIATES, INC is a Tennessee Corporation with its principal place of business in Piney Flats, Tennessee.

13.     Defendant, PHI AIR MEDICAL, INC., a/k/a PHI, INC. f/k/a PETROLEUM HELICOPTERS, INC. is a Louisiana Corporation with its principal place of business in Lafayette, Louisiana.

14.     Defendants, SIKORSKY AIRCRAFT CORPORATION, SIKORSKY INTERNATIONAL PRODUCTS, INC. and SIKORSKY SUPPORT SERVICES, INC. d/b/a SIKORSKY AEROSPACE MAINTENANCE are Delaware Corporations with their principal places of business in Stratford, Connecticut.

15.     Defendants PHI AIR MEDICAL, INC., ("PHI") SIKORSKY AIRCRAFT CORPORATION, SIKORSKY INTERNATIONAL PRODUCTS, INC. and SIKORSKY AEROSPACE MAINTENANCE (collectively referred to as "SIKORSKY Defendants") agree that this case should be transferred to the Eastern District of Louisiana, New Orleans Division.

## MEMORANDUM OF LAW

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."  Congress has authorized courts to transfer the venue of a case in order "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public interest against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  The burden is on the movant to establish that the suggested forum is more convenient.  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

The question of whether to transfer the venue of a case is a two-pronged inquiry.  First, the court must find that the action could have been brought in the desired venue.  *Baker v. Major League Baseball Properties*, 2009 WL 1098482, * 2 (N.D. Fla. April 22, 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 334 (1960)). Next, the court must determine whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice. *Id.* (citing *Hoffman*, 363 U.S. at 343-44).

The decision to transfer a case to another district is left to the sound discretion of the trial court.  *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (citing *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)).  While the plaintiff's statutory privilege of choosing a forum is a factor, the trial judge must use his discretion and weigh it against other factors in determining the convenient forum. *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).  A judge's ruling on a motion to transfer venue can be overturned only for clear abuse of discretion. *Brown*, 934 F.2d at 1197.

I.       **THIS ACTION COULD HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF LOUISIANA**

As to the first inquiry, venue is proper in the Eastern District of Louisiana, New Orleans Division because: (1) Plaintiff could have originally brought this suit there; (2) personal jurisdiction is proper there; and (3) subject matter jurisdiction is proper there.

Pursuant to 28 U.S.C. § 1391(a), a civil action may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, … or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be brought otherwise." In the instant case, the Eastern District of Louisiana is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" because the accident flight departed from Amelia, Louisiana and crashed in waters approximately ten miles from Morgan City,  Louisiana. Thus, venue is proper in the Eastern District of Louisiana.  *Baker*, 2009 WL 1098482 at * 2 (granting defendant's motion to transfer because transferee district is "where the events giving rise to the plaintiff's claims took place).

Furthermore, personal jurisdiction and subject matter jurisdiction is also proper in the Eastern District of Louisiana.  The Defendants, as well as PHI and SIKORSKY Defendants, have all filed Answers in the Eastern District of Louisiana cases, have all agreed to personal jurisdiction in the Eastern District of Louisiana, and have all been litigating the cases there for almost one year.   Subject matter jurisdiction in the present case is properly based on diversity of citizenship; thus, the same would be true if this case were brought in the Eastern District of Louisiana.  *Meterlogic, Inc. v. Copier Solutions, Inc*., 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002).

## II.   THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTEREST OF JUSTICE FAVOR TRANSFER

The second prong involved in determining whether to transfer venue requires a balancing of private and public factors.   Factors which courts may consider include: plaintiff's initial choice of forum; convenience of parties and witnesses; relative ease of access to sources of proof;   availability of compulsory process for witnesses; location of relevant documents; financial ability to bear cost of the change; and any other practical problems that make trial of the case easy, expeditious, and inexpensive.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir 2005); *Mason v. Smithkline Beecham Clinical Labs*, 146 F. Supp. 2d 155, 1359 (S.D. Fla. 2001).

### A.  Judicial Efficiency and the Avoidance of Duplicative Litigation Favor Transfer

Several other suits arising out of the instant accident have been brought against the Defendants in the Eastern District of Louisiana.   In fact, of these suits, the Schoen case was actually filed on behalf of Charles Nelson's minor child, Landon Nelson, for damages suffered as a result of Charles Nelson's death.     Since the Plaintiff in the instant case has also claimed damages on behalf of Landon Nelson for the same reason, there are now two duplicative and potentially conflicting suits against the Defendants.    Transferring the case to the Eastern District of Louisiana, where it can be consolidated with the Schoen case and the other actions pending on this matter, will prevent two simultaneous and identical suits to be brought against these Defendants and will safeguard against the risk of inconsistent results. *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1202 (S.D. Fla. 1987) (transferring action to forum where related litigation was pending because it would result in more efficient pre-trial discovery, savings of time and money, and avoidance of duplicative litigation and inconsistent results);

*Cali v. East Coast Aviation Services, Ltd*., 178 F. Supp. 2d 276, 295 (E.D.N.Y. 2001) (transferring action in aviation case to forum where accident occurred, reasoning "litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results") (internal citation omitted).

Additionally, the other actions pending in the Eastern District of Louisiana arising from this air crash will involve many common questions of fact to this action, as all of the facts surrounding the cause of the accident will be identical in each case.  The common liability fact issues include the circumstances of the accident flight, and the design, manufacture, and maintenance of the subject helicopter and its component parts.  As a result, these liability fact issues will entail identical discovery in all suits arising from this accident and are likely to be the subject of the majority of pre-trial discovery in all the actions.  Transferring this action to the Eastern District of Louisiana, where it can be consolidated with the other pending actions, will eliminate the need for multiple depositions of the same witness, needless duplication of written discovery, and the possibility of conflicting pre-trial rulings.  Transfer of venue and consolidation, therefore, will promote the just and efficient litigation of this case and will avoid this Court from having to expend its limited resources on an issue being substantially litigated in another court.  *Baker*, 2009 WL 1098482 at * 4 (transferring the case when "trial efficiency and the interest of justice would best be served through transfer"); *Global Innovation Technology Holdings, LLC v. Acer America Corp*., 634 F. Supp. 2d 1346, 1348 (S.D. Fla. 2009) (transferring case to another district where it could be consolidated with other actions because litigating the cases "in different venues could lead to conflicting claim constructions, with deleterious impact on fairness and judicial economy*.");  Soroka v. Lee Techs. Servs., Inc.,* 2006 WL 1734277, at *4

(N.D. Ga. June 19, 2006) ("The fact that a substantially similar action is pending currently in the transferee court counsels in favor of transfer because of the opportunity for consolidation and, thus, the conservation of judicial resources.")

## B. Convenience of Parties, Witnesses, Compulsory Process, and Access to Sources of Proof Favor Transfer

The convenience of each forum to the parties and witnesses, compulsory process, and the ease of access to sources of proof are additional factors that must be considered in determining whether to transfer an action under § 1404(a). *Baker*, 2009 WL 1098482 at *2-*3. In particular, where the same witnesses and evidence would be needed in two geographically diverse forums, requiring witnesses to provide duplicative testimony in multiple depositions and trials is unnecessarily burdensome on the parties and witnesses involved. *See e.g. Meterlogic*, 185 F. Supp. 2d at 1301 ("The convenience of non-party witnesses is an important factor in determining whether a transfer should be granted.") (internal citation omitted); *Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 886 (M.D. Fla. 1993) (transferring case where "all parties and witnesses would be greatly burdened if all were required to travel between two forums because the two related cases … were being tried in different states"); *Granger & Assoc., Inc. v. Marion Steel Co.* 2001 WL 15632, * 8 (S.D. Ohio 2001) (ordering transfer where the two actions concerned "substantially similar" issues and "it would be most inconvenient for the witnesses in the two actions to expend the time and travel necessary to testify in two different forums").

Here, the actions consolidated under Yelton, including the Schoen case, are all being litigated in the Eastern District of Louisiana, New Orleans Division. This means that any witnesses called to testify in Yelton in deposition and at trial would need to provide redundant testimony in Florida if this case is not transferred. Witnesses reasonably expected to testify in both Yelton and the instant case include crash survivor Steve Yelton, any eye witnesses,

10

investigative/government witnesses, and other witnesses with knowledge of the incident and events preceding it, including the maintenance, repair, operation and inspection of the subject helicopter.   Testimony of Louisiana based witnesses, such as the Terrebone Parish Sheriff's Office responder personnel, initial health care providers, and Coast Guard responder personnel will also need to be taken.   This Court should also consider that while the burden of testifying twice regarding an identical matter would certainly be burdensome for non-party witnesses, it may also be difficult to compel their appearance in Florida.  *Meterlogic*, 185 F. Supp. 2d at 1301.

Furthermore, since the accident occurred in Louisiana, the relative ease of access to sources of proof favors transferring venue to the Eastern District of Louisiana.  *Baker*, 2009 WL 1098482 at *2 (holding that in negligence based action, the forum where accident took place "would prove readier access to the sources of proof than would a forum over two thousand miles away").   Likewise, because it is likely that the majority of evidence and witnesses will be in Louisiana, the Eastern District of Louisiana will be a more convenient forum for all parties. *Continental Casualty Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999) ("[T]he transfer of this case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen … a forum where the alleged wrongful activity occurred").

Finally, transferring this case would also eliminate duplicative litigation costs and inconvenience to all defendants, specifically when considering the complexity and cost of litigating a product liability action arising from an aviation accident. *See Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F. 3d 1107, 1110 (9th Cir. 2002) (discussing excessive cost of defending aviation lawsuits).

**C.  <u>Plaintiff's Choice of Forum and Financial Ability to Bear Cost of Litigation is Substantially Outweighed By Other Factors which Favor Transfer</u>**

Under ordinary circumstances, the plaintiff's choice of forum is given substantial consideration in a transfer analysis. However, "a plaintiff's choice of forum is given less weight when the case's operative facts have little connection to the chosen forum." *Ripmax Ltd. v. Horizon Hobby, Inc*., 2007 WL 2049033 *2 (D. Conn. 2007). "[W]here the plaintiff has little or no connection to the chosen forum, its reasons for choosing and remaining there should be given less weight." *Tuna Processors, Inc v. Hawaii Intern. Seafood, Inc*., 408 F. Supp. 2d 358, 360 (E.D. Mich. 2005), *accord Papapetrou v. Boeing Co*., 2008 WL 548770, *5 (N.D. Ill. Feb. 25, 2008) (transferring venue to district where aviation accident occurred because "[n]one of the events from which the claim arose took place in Illinois. No party has named a single witness who is located in Illinois.")

This case does not bear any connection to the state of Florida other than the Plaintiff's residency and the allegation that the decedent was domiciled here. Plaintiff has not alleged that the decedent's son resides or is domiciled in Florida. The accident did not occur in Florida. None of the defendants are located in Florida. None of the eye witnesses or first-responder witnesses are located in Florida. None of the material evidence is located in Florida. Instead, all of the connections in this case are related to the Eastern District of Louisiana, which is where the accident occurred. Furthermore, Plaintiff's local counsel in New Orleans represented to the Yelton court that he anticipates that this case will be transferred to the Eastern District of Louisiana. See Ex. "2". This also demonstrates that despite whatever financial inconvenience Plaintiff may experience, if any, she will still be able to litigate this case in the Eastern District of Louisiana. *See Baker*, 2009 WL 1098482 at *3 (transferring case despite relative financial means of the plaintiff).

## CONCLUSION

This case could have been and should have been originally brought in the Eastern District of Louisiana, New Orleans Division. Judicial efficiency, the convenience of the parties and witnesses, the efficient litigation of common questions of law and fact, and the avoidance of inconsistent results strongly favors transferring this action to the Eastern District of Louisiana. Thus, this Court should grant Defendants' Motion to Transfer Venue.

## CERTIFICATE UNDER LOCAL RULE 7.1

Pursuant to Local Rule 7.1, counsel for Defendants certifies that he has conferred with Plaintiff's counsel in a good faith effort to resolve the issues presented in this Motion prior to seeking relief from the Court.

Respectfully submitted,

/s/ Petra L. Justice
L. Robert Bourgeois
Florida Bar No: 0781540
Petra L. Justice
Florida Bar No: 0056109
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL 33602
Tel. No: (813) 221-1500
Fax No: (813) 222-3066
Email: bbourgeois@bankerlopez.com
Email: pjustice@bankerlopez.com
*Attorneys for Aeronautical Accessories, Inc.*
*Bell Helicopter Textron, Inc., and*
*Edwards and Associates, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following Service List. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants.

/s/ Petra L. Justice
L. Robert Bourgeois
Florida Bar No: 0781540
Petra L. Justice
Florida Bar No: 0056109
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL 33602
Tel. No: (813) 221-1500
Fax No: (813) 222-3066
Email: bbourgeois@bankerlopez.com
Email: pjustice@bankerlopez.com
*Attorneys for Aeronautical Accessories, Inc.*
*Bell Helicopter Textron, Inc., and*
*Edwards and Associates, Inc.*

## SERVICE LIST

**Fredric G. Levin, Esquire**
Florida Bar No. 46840
**Virginia M. Buchanan, Esquire**
Florida Bar No. 793116
Levin Papantonio Thomas Mitchell Echsner &
Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Tel:     (850) 435-7023
Fax:     (850) 436-6023
Email: dgilbert@levinlaw.com
Email: vbuchanan@levinlaw.com
*Attorneys for Plaintiff*
CM/ECF

**Michael Ross Cunningham, Esquire**
Rose Walker, L.L.P.
3500 Maple Avenue
Suite 900
Dallas, TX 75219
Tel:  (214) 752-8600
Fax:  (214) 752-8700
Email:  rcunningham@rosewalker.com
*Attorneys for PHI Air Medical, Inc.*

U. S. Mail

**Richard K. Christovich, Esquire**
Louisiana State Bar: 4129
Christovich & Kearney, LLP
601 Poydras Street
Suite 2300
New Orleans, LA 70130-6078
Tel:   (504) 593-4202
Fax:  (504) 561-5743
*Attorneys for Sikorsky Aircraft Corporation*

U. S. Mail

**Juan R. Serrano, Esquire**
Florida Bar No. 319510
Jonathan E. Ewing, Esquire
Florida Bar No. 40972
Griffin & Serrano, P.A.
707 Southeast 3rd Avenue
Fort Lauderdale, FL 33316
Tel:   (954) 462-4002
Fax:  (954) 462-4009
Email:  jserrano@griffinserrano.com
*Attorneys for PHI Air Medical, Inc., PHI, Inc.,*
*Petroleum Helicopters, Inc.*
CM/ECF

W0434157