UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREN NELSON, Personal Representative
of the Estate of CHARLES WILBUR        CASE NO. 3:09-cv-512-MCR/MD
NELSON, III, deceased,

      Plaintiff,

v.

AERONAUTICAL ACCESSORIES, INC.,
BELL HELICOPTER TEXTRON, INC.,
EDWARDS & ASSOCIATES, INC., PHI
AIR MEDICAL, INC., a/k/a PHI, INC. f/k/a
PETROLEUM HELICOPTERS, INC.,
SIKORSKY AIRCRAFT CORPORATION,
SIKORSKY INTERNATIONAL
PRODUCTS, INC., and SIKORSKY
SUPPORT SERVICES, INC. d/b/a
SIKORSKY AEROSPACE
MAINTENANCE,

      Defendants.

_____/

## NOTICE OF JOINING DEFENDANTS' AERONAUTICAL ACCESSORIES, INC., BELL HELICOPTER TEXTRON, INC. AND EDWARDS AND ASSOCIATES, INC. MOTION TO TRANSFER VENUE AND ADDITIONAL POINTS OF FACT AND LAW BY DEFENDANTS', PHI AIR MEDICAL, INC., a/k/a PHI, INC. f/k/a PETROLEUM HELICOPTERS, INC.,

Defendants PHI AIR MEDICAL, INC., a/k/a PHI, INC. f/k/a PETROLEUM

HELICOPTERS, INC. (hereinafter collectively "PHI"), by and through undersigned counsel, file

this Notice of Joining Defendants AERONAUTICAL ACCESSORIES, INC., BELL

HELICOPTER TEXTRON, INC. and EDWARDS AND ASSOCIATES, INC. and raises

additional points of fact and law. In support hereof, PHI further states as follows:

1

## **FACTUAL BACKGROUND**

1.      The present matter arises out of the January 4, 2008 crash of a Sikorsky, Model S-7C++ helicopter, Reg. No. N748P helicopter (hereinafter, the "Aircraft"). The Aircraft was based in Louisiana at the time of the accident and at all times material, maintained in Louisiana.

2.      It is not disputed that the decedent subject of this case, boarded the aircraft in Louisiana. The subject flight departed out of Palourde Base Heliport located in Amelia, Louisiana. The accident, including the sequence of events leading up to the accident, occurred in Louisiana.

3.      Furthermore, virtually all evidence and witnesses in this case are in Louisiana. A summary list of the critical witnesses and evidence includes but is not limited to:

        a.      Air traffic controllers who were the last to communicate with the Aircraft, including any reports they may have generated;

        b.      First responders who were on the scene of the accident, including any reports they may have generated;

        c.      Eye witnesses to the maintenance performed on the aircraft, including any statement they may have provided;

        d.      Eye witnesses to the pre-flight events, including any statement they may have provided;

        e.      Eye witnesses to the accident, including any statement they may have provided;

        f.      The mechanics who performed maintenance on the Aircraft, including any statement they may have provided;

g.      Local investigators who investigated the accident, including any reports they may have generated;

h.      The wreckage of the aircraft;

i.      The accident cite;

j.      The aircraft maintenance records;

k.      The actual manufacturer's maintenance manuals and instructional guidelines used to perform maintenance; and

l.      Employees of PHI, including any reports they may have generated.

4.      Accordingly, in accordance with the well established factors supporting transfer of venue under 28 U.S.C. §1404(a) and Fed. R. Civ. P. 12(b)(3), justice is best served by transferring the venue of this matter to the District Court for the Eastern District of Louisiana, New Orleans Division.

## MEMORANDUM OF LAW

**i.      Venue issues, including the transfer of venue issue under 28 U.S.C. §1404(a) presented by the present Motion are procedural issues where federal laws will govern over state laws**

"Venue in a diversity case is manifestly within the province of federal law." *Stewart v. Ricoh,* 810 F.2d 1066 (11th DCA 1987); affirmed by the United States Supreme Court in *Stewart v. Ricoh,* 101 U.S. 22, 32 (1988) ("We hold that federal law, specifically 28 U.S.C. §1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer this case").

**ii.      28 U.S.C. §1404, titled "Change of Venue," permits federal courts to transfer any civil action to any other district upon a showing much less stringent than dismissal under forum non-conveniens or other common law.**

28 U.S.C. §1404(a) states that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The United States Supreme Court has specifically held that, unlike the doctrine of *forum non conveniens*, "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience." *Northwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955).

"The district court has broader discretion in the application of [28 U.S.C. §1404(a)] than that under the doctrine of *forum non conveniens.*" *Northwood,* at 30, *citing States Freight v. Modarelli*, 196 F.2d 1010 (3rd. Cir 1952). In making the determination to transfer, a court should apply a lesser showing of inconvenience than that required for dismissal under the doctrine of *forum non conveniens,* while considering the same general factors in order to determine if a transfer to a more convenient forum is justified. *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970). Those factors are: (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; and (6) the public interest. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947); *Abramson v. INA Capital Management Corp.*, 459 F. Supp. 917 (E.D.N.Y. 1978); *Poncy v. Johnson and Johnson*, 414 F. Supp. 551 (S.D. Fla. 1976); *Windmere v. Remington,* 617 F.Supp. 8 (S.D. Fla. 1985).

iii.   **Plaintiff's choice of forum is not a controlling factor in determining the proper venue of a civil action, and to the contrary, in instances where the cause of action did not occur in the chosen forum, Plaintiff's choice is entitled to less consideration.**

In *Windmere v. Remington*, the court held that Plaintiff's choice of forum is not controlling but is merely one of the factors to be considered by the court in determining the most convenient forum for the case. 617 F.Supp. 8 (S.D. Fla. 1985), *citing Garner v. Wolfinbarger*,

4

433 F.2d at 119. Furthermore, as is true in the present case, the *Windmere* Court held that, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Curtin v. Litton Systems*, 365 F. Supp. 489, 490 (E.D. Pa. 1973); *see also Popkin v. Eastern Air Lines, Inc.*, 204 F. Supp. 426, 430 n.3 (E.D. Pa. 1962).

In the present matter, Plaintiff's cause of action arises out of an aircraft accident that occurred in Louisiana alleging negligent acts all of which would have occurred in Louisiana. Accordingly, Plaintiff's choice of forum does not control the venue where this matter should be litigated, but rather is one of the factors entitled to less consideration.

iv.  **A reasonable weighing of the factors established by the well settled law for supporting transfer of venue clearly favor the transfer of this case to Louisiana.**

The *Windmere* Court weighed each factor in an analysis strikingly similar to the present case.

a.  *Convenience of the parties* – As in the present case, the *Windmere* Court determined that when Defendant's employees who have knowledge of the facts and circumstances of the action are employed at the Defendant's principal offices at the alternative venue, the convenience of the parties is best be served by transferring the action to that alternative venue; *Id. at 10.*

b.  *Convenience of the witnesses* – As in *Windmere,* witnesses, documents and files that need to be reviewed and subpoenaed are located primarily in Louisiana, thus justifying the transfer to Louisiana. These include witnesses, files and documents from PHI pertaining to the flight, the subject Aircraft, maintenance performed thereon, etc. *Id at 10, 11.*

c.   *Relative access to other sources of proof* – The *Windmere* Court was persuaded by the fact that Defendants books, records and testing services were located in the alternative jurisdiction. PHI'S books, maintenance records, employee records, training records, testing records, etc. are located in Louisiana, and thus favor transfer of venue to Louisiana. *Id. at 11.*

d.   *Availability of process to compel presence of witnesses and cost of obtaining witnesses* – As previously referenced herein, the overwhelming majority of witnesses are located in Louisiana. This factor further favored the transfer of the *Windmere* matter, and strongly favors the transfer of the present matter; *Id. at 11.*

e.   *Public interest factors* – As referenced in Co-Defendants, AERONAUTICAL ACCESSORIES, INC., BELL HELICOPTER TEXTRON, INC. and EDWARDS AND ASSOCIATES, INC.'s Motion to Transfer Venue, there are nine cases arising out of this accident already pending in the Eastern District of Louisiana, New Orleans Division. Accordingly, proceeding with the pending action will undoubtedly lead to inconsistent rulings, inconsistent verdicts and unnecessarily burden the courts with duplication of efforts.

## CONCLUSION

The law governing venue selection is well settled and establishes six factors in determining whether a transfer to a better forum is justified. In the present matter, an analysis of those six factors overwhelmingly favors a transfer of the present matter to Louisiana. Given the lesser showing of inconvenience required under 28 U.S.C. §1404(a), the transfer to Louisiana requested by the present Motion is proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed with the Clerk of the Court by using the CM/ECF system on 13 November 2009, to all

parties on the attached service list.

**GRIFFIN & SERRANO, P.A.**
Attorneys for PHI AIR MEDICAL, INC., PHI,
INC., PETROLEUM HELICOPTERS, INC.
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009


_____/S/ Juan R. Serrano_____
Juan R. Serrano
Florida Bar No. 319510
Jonathan E. Ewing
Florida Bar No. 40972


## Service List

Frederic G. Levin, Esq.
Virginia Buchanan, Esq.
LEVIN, PAPANTONIO, THOMAS MITCHELL, P.A.
316 S. Baylen Street, Suite 600
Pensacola, Florida  32502
Facsimile: (850) 436-6023
Email: vbuchanan@levinlaw.com

Petra L. Justice, Esq.
L. Robert Bourgeois, Esq.
Banker Lopez Gassler, P.A.
501 East Kennedy Blvd, Suite 1500
Tampa, Florida  33602
Facsimile: (813) 222-3066
Email: bbourgeois@bankerlopez.com
Email: pjustice@bankerlopez.com
*Attorneys for Aeronautical Accessories, Inc.*
*Bell Helicopter Textron, Inc. and*

*Edwards and Associates, Inc.*

Richard K. Christovich, Esq.
Christovich & Kearney, LLP
601 Poydras Street, Suite 2300
New Orleans, LA  70130-6078

Michael Ross Cunningham, Esq.
Rose Walker, LLP
3500 Maple Avenue, Suite 900
Dallas, TX  75219