**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KAREN NELSON, Personal**
**Representative of the Estate of**
**CHARLES WILBUR NELSON, III,**
**deceased,**

                                            **Case No. 3:09-cv-512-MCR/MD**

      **Plaintiff,**

**v.**

**AERONAUTICAL ACCESSORIES, INC.,**
**et al,**

      **Defendants.**

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' AERONAUTICAL**
**ACCESSORIES, INC., BELL HELICOPTER TEXTRON, INC. AND EDWARDS**
**AND ASSOCIATES, INC. MOTION TO TRANSFER VENUE AND**
**DEFENDANT'S PHI AIR MEDICAL, INC.,a/k/a PHI, INC. f/k/a PETROLEUM**
**HELICOPTERS, INC. NOTICE OF JOINDER**

**INTRODUCTION:**

Plaintiff opposes Defendants' Aeronautical Accessories, Inc., Bell Helicopter

Textron, Inc. and Edwards and Associates, Inc. Motion to Transfer Venue as well as

Defendant's PHI Air Medical, Inc., a/k/a PHI, Inc., f/k/a Petroleum Helicopters, Inc. Notice

of Joinder thereto.   Venue is proper in this Court, and the law affords great deference to

1

Plaintiff's choice of forum.  28 U.S.C. Sec. 1404(a).  In addition, the liability issues involve evidence primarily outside of Louisiana, and the damage issues involve evidence almost exclusively in Florida.  Moreover, Plaintiff agrees and will stipulate that the liability discovery be coordinated and consolidated with the ten (10) other cases pending in the Eastern District of Louisiana without a transfer of this case, just as Plaintiff Ann L. Ballenger, administratraix of the estate of Thomas Ballenger, deceased, is doing in the Middle District of Alabama, case number 2:09-cv-72-MHT.

Cases have been filed in Texas, Florida, Alabama, Tennessee and Louisiana as a result of the subject off-shore helicopter crash.   There are claims for wrongful death, personal injury, job-related benefits, third party claims and declaratory judgment.  Discovery is virtually certain to be done in each of the listed states, as well as others, and there is no basis to say that the preponderance of the discovery will take place in Louisiana.  Plaintiff agrees that coordinating liability discovery is a benefit, Plaintiff will so stipulate, and the same can be readily achieved short of transfer.

As a preliminary matter, Plaintiff believes the Court should first determine the choice of law to be applied, as Florida's Choice of Law rules direct the selection of the substantive law to be applied to the issues in the case. This Court is in a better position to determine Florida's choice of law than a Louisiana court given this Court's familiarity with Florida law and public policy.   If this Court determines that Louisiana's law applies, the case is concluded, and there would be no case remaining to transfer.  Moreover, if this Court determines that Florida's law applies, Plaintiff agrees and will stipulate that discovery be

2

coordinated and consolidated with the other pending cases in the Eastern District of Louisiana so as to eliminate duplication and enhanced costs.

## FACTS

On January 4, 2009, a Sikorsky S-76C helicopter owned by Defendant PHI crashed shortly after takeoff into a swampy area just north of the Gulf of Mexico coastline near Morgan City, Louisiana.   Eight of the nine people aboard died, including Charles Nelson III.   The survivor was critically injured.   NTSB investigators were dispatched from Washington, D.C. to secure and investigate the wreckage and crash site.   Testing was subsequently done by scientists at the Smithsonian Museum of Natural History in Washington, D. C. to analyze microscopic DNA evidence found in the windscreen (windshield) and fuselage of the helicopter.[1]

Thereafter, attention was turned to the windscreen and the history of it being replaced in the helicopter on two prior occasions.  The windscreen was designed and manufactured by Defendant Aeronautical Accessories, Inc., a Tennessee corporation.[2]  The windscreen's integrity is a primary issue in this litigation.   Not only have families of other decedents brought claims alleging products liability related to the windshield, Defendant PHI, the helicopter owner and operator, has brought claims against those Defendants relating to the alleged faulty windshield as well.   Similarly, Plaintiff alleges in this wrongful death action that the windshield was defective.  The primary liability issue will revolve around testimony

---

[1]The NTSB has reported that evidence of hawk remains was found in the DNA analysis.

[2]Defendants have a place of business in Fort Lauderdale, Florida.

and tangible evidence in Tennessee.  Secondarily, evidence from the NTSB will be important as well, which must be obtained from Washington, D.C.

In addition, Defendant Sikorsky, a company that has an international presence, has its primary place of business in Connecticut and has manufacturing and assembly operations in Connecticut, Alabama and Florida.  The company also has engineering and design centers in Alabama, Texas, Indiana, Kentucky and Montana.  It is virtually certain that discovery will be required to address the original specifications and design of the helicopter and the windscreen which is placed on it at the time of manufacture.

Defendant PHI, a Louisiana corporation,[3] is responsible for any pilot negligence, but the pilots are deceased and can not give testimony regarding the crash.  Moreover, the pilot and co-pilot were from Alabama and Texas, respectively, not Louisiana.   In the memorandums of law filed by the Defendants in support of their motion to transfer venue, they list a number of potential liability witnesses.  All of those witnesses, with the exception of the one eyewitness, the survivor who is a resident of Texas and has filed a suit, are either employees of one of the Defendants or are governmental employees.  At the present time, there are ten (10) cases resulting from this accident in the Federal District Court for the Eastern District of Louisiana and one case filed in Alabama.  All of the cases have the same liability questions.  Undoubtedly, the federal court is going to consolidate the question of liability for discovery purposes in order that all of the witnesses on liability will not be required to participate in numerous depositions.  THE PLAINTIFF IN THE INSTANT

_____

[3]PHI sought to incorporate in Florida under its Louisiana corporate name; however, the name was unavailable, so the alternative name of PHI Air Medical, Inc. was chosen.

4

CASE HEREBY STIPULATES TO PARTICIPATE IN THE DISCOVERY AUTHORIZED BY THE LOUISIANA FEDERAL COURT WITHOUT THE NEED FOR ADDITIONAL LIABILITY DISCOVERY.  THE PLAINTIFF ALSO AGREES TO BE BOUND BY ANY LIABILITY FINDINGS BY THE LOUISIANA FEDERAL COURT.   THIS STIPULATION SHOULD ELIMINATE ALL OF THE ARGUMENTS RAISED BY THE DEFENDANTS IN SUPPORT OF THEIR MOTIONS TO TRANSFER VENUE.

The deceased, at the time of his death, was twenty-four (24) years old, lived his life in Pensacola and resided with his parents, Karen and Charles Nelson, Jr.  The deceased was never married, but he had a child with Carly Schoen when they were both quite young.  The deceased and Ms. Schoen broke up shortly after the baby's birth.  There was a rather contentious relationship between the deceased and Ms. Schoen, and, finally, the court in Escambia County, Florida, ordered the deceased to pay approximately $600 per month in child support.  The deceased, with fringe benefits, was making approximately $60,000 per year at the time of his death and would have a rather large estate for purposes of net accumulations.

## WHICH LAW IS APPLICABLE?

The parties agree that Louisiana's liability law, actually the same as Florida's, shall be determinative.  However, the issue remains that Louisiana's damage law only allows a claim for the minor child for loss of support and for his mental pain and suffering.  Under Florida's damage law, in addition to those damages recoverable under Louisiana law, the decedent's estate, whose sole beneficiary is the minor child, can make a claim for the loss of net accumulations.  Further, Florida's damage law also allows the parents of the deceased

5

to make a claim for their mental pain and suffering over the loss of their son.

Following the accident, Karen Nelson, as a surviving parent and next of kin, filed a petition to be appointed personal representative of her son's, the decedent, estate. In addition, she filed the instant action for wrongful death in the Circuit Court of Escambia County. In that case, Plaintiff asserted claims on behalf of the minor child for loss of support, mental pain and suffering and loss of net accumulations. The case also included a claim by Karen Nelson and Charles Nelson, Jr., for their mental pain and suffering over the loss of their son.

Thereafter, Carley Schoen, in Louisiana state court, filed a claim on behalf of the minor child for his father's death alleging damages only for the child's loss of support and for the child's mental pain and suffering over the loss of his father. Thus, as Louisiana's damage law does not permit recovery to the estate for the loss of net accumulations or recovery to Karen Nelson and Charles Nelson, Jr. for their mental pain and suffering over the loss of their son, not only are the Nelsons left without remedy for their significant loss, even the minor child recovers less. The issue therefore presented is which state's damage law, Florida or Louisiana, will apply to the wrongful death of Charles Nelson, III.

## <u>CHOICE OF LAW</u>

It is agreed that the conflict of laws determination is made by the law of the Forum. Therefore, Florida law will determine whether the damage law of Louisiana or Florida will be applicable to this wrongful death claim.

If it is determined that Louisiana's damage law applies to this case, then the instant case is moot as the only damages available as the result of the death would be covered by

the Louisiana case filed by Carly Schoen on behalf of her son. However, if it is determined that Florida's damage law applies, then the case that was filed by Carly Schoen on behalf of her son for the wrongful death of his father would obviously be dismissed since the son would be entitled to greater damages, the additional loss of net accumulations, in the instant case.

It is for that reason that the Plaintiff urges this Court to first make a decision on choice of law prior to ruling on transfer, since transfer may be moot. The question of which state's law is applicable can be determined by briefs, without discovery, and it is respectfully requested that this Court determine a briefing schedule. If this Court makes a decision on which state's law is applicable, one of the two pending cases concerning the death of Charles Nelson, III, will be dismissed and there will be no duplication.

SINCE TRANSFER IS MOOT, IF LOUISIANA LAW IS DETERMINATIVE, THE REMAINDER OF THIS BRIEF ASSUMES THAT FLORIDA DAMAGE LAW IS APPLICABLE TO THIS WRONGFUL DEATH.

## **LAW OF TRANSFER**

The memorandums submitted by the Defendants make several points. However, as will be seen, their arguments totally fail once Plaintiff agrees to and stipulates that the liability discovery be coordinated and consolidated with the ten (10) other cases pending in the Eastern District of Louisiana . Plaintiff properly filed her case in Florida, and the case should remain in Florida. There is no issue of forum shopping or inappropriate motive in filing the case in this venue. Generally, the plaintiff's choice of forum is given considerable deference. *Trace-Wilco, Inc. v. Symantec* Corp., 2009 WL 455432 (S.D. Fla. 2009) (citing

*Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).).   The plaintiff's choice should not be disturbed unless it is clearly outweighed by other considerations. *Id.* The trial court has broad discretion in determining a request for transfer under 1404(a), and clear abuse of discretion must be demonstrated to overturn a 1404(a) ruling. *Trace-Wilco, Inc., supra.* The Eleventh Circuit has instructed that district courts should be cautious in transferring actions, stating that the plaintiff's forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations. *Gulf Power Co. v. Coal Sales II, LLC*, 2008 WL 563484 (N.D. Fla.) (citing *Robinson v. Giarmarco & Bill, P.C.*, *supra*, at 260.).[4]

Plaintiff respectfully submits that her choice of forum should not be disturbed, Defendants have not met their burden to justify transfer, and Plaintiff will likely suffer irreparable prejudice by a transfer.

Generally, the factors a court should consider when determining whether a transfer should occur include:

a) the plaintiff's initial choice of forum;

b) convenience of the parties and witnesses;

c) relative ease of access to sources of proof;

d) availability of compulsory process for witnesses;

---

[4] "...it is not enough to show that defendant would be merely inconvenienced by the forum chosen by the plaintiffs; nor is it sufficient for defendant to show that the equities lean slightly in its favor; defendant must make clear-cut showing that balance of convenience and interests of justice favor trial in proposed transferee forum."  First Nat. City Bank v. Nanz, Inc., S.D.N.Y. 1975, 437 F.Supp. 184.

e) location of documents;

f) financial ability to bear the costs of a change of venue; and

g) public interest.

*Stiefel Laboratories, Inc. v. Galderma Laboratories, Inc.*, 588 F.Supp.2d 1336 (S.D. Fla. 2008).

The court in *Stiefel* analyzed the various factors and determined that the plaintiff's choice of venue should not be disturbed. The court noted that "ultimately, transfer of venue can only be granted where the balance of convenience of the parties strongly favors the defendant." *Id.* at 1339 (citing *Robinson v. Giarmarco & Bill, P.C.*, *infra* at 260). In evaluating the factor of convenience of parties and witnesses, the court indicated that where a transfer would merely shift the inconvenience from one party to another, a transfer should not occur. In this case, if it is transferred to Louisiana, the Florida witnesses would have to travel from Florida to Louisiana thereby simply shifting the inconvenience so that Defendants' representatives would not have to travel to Florida; this assumes liability would be tried in Florida which, as discussed above, would most likely not be the case since it is assumed that the Louisiana Federal Court would consolidate all cases on liability. However, as to, in Plaintiff's mind, the primary Defendants (Aeronautical Accessories, Inc. and Sikorsky), their corporate representatives would have to travel from out of state to either Louisiana or Florida. Thus, it is <u>not</u> clearly more inconvenient for either Aeronautical Accessories, Inc. or Sikorsky to have the case remain in Florida.

The *Stiefel* court also examined the relative ease of access to sources of proof. The court held that the defendant had failed to demonstrate that there would be any particular

difficulty in producing the materials or documents in either forum and noted that the materials would have to be produced in the course of discovery regardless of the venue of the case. *Stiefel, supra,* at 1339. Similarly, in the instant case, not only have the Defendants failed to demonstrate any difficulty in producing materials in Florida, the materials will have to be produced in the ordinary course of the liability discovery regardless. This production can be coordinated with the other pending Louisiana cases.

Moreover, the court evaluated the availability of compulsory process for witnesses factor and found that defendants failed to meet the necessary burden. "The party seeking the transfer must support its motion by <u>clearly specifying the key witnesses to be called and particularly stating the significance of their testimony</u>." (emphasis added). *Stiefel, supra* at 1340; *Oller v. Ford Motor Co.*, 1994 WL 143017 (M.D. Fla. 1994). In the instant case, Defendants have not identified any non-party witnesses in Louisiana whose testimony is critical and not subject to compulsory process. In fact, the Defendants have utterly failed to address the location of the witnesses, their names and proof that the witnesses are central to the primary liability in the case.

Additionally, the courts have recognized the ability to utilize modern discovery methods, such as videotaped depositions, to secure witness testimony for trial, thereby reducing the import of the factor of compulsory process. *First Credit Corp. v. Global Electronic Technology, Inc.* 2009 WL 482242 (M. D. Fla. 2009); *Garay v. BRK Electronics*, 755 F.Supp. 1010 (M.D. Fla. 1991).

With respect to the financial ability to bear the cost of a change of venue, Plaintiff has far less financial ability than the Defendants who have substantial business concerns

with a significant national presence.  In addition, there is no public interest served by a transfer of this case to Louisiana.  The public interest of both Louisiana and Florida is to assure reasonable redress for injury, and Karen Nelson and Charles Nelson, Jr. will not have any means of redress for the injury they have suffered if the case is transferred to Louisiana and Louisiana law is applied.  Avoiding unnecessary conflict of law issues is a pertinent factor to consider along with the others outlined above.  *Trace-Wilco, Inc.*, supra.  There are conflict of law concerns in this case, and those concerns can be avoided by maintaining the case in Florida.

A final factor to consider is the relative congestion of the court dockets.  Although criminal filings in the Eastern District of Louisiana and the Northern District of Florida are close in number, the number of pending civil cases is not.  The U.S. District Court reported that the Eastern District of Louisiana had 15,394 civil cases pending in 2008, while the Northern District of Florida had 1,441 cases pending.  Thus, the Northern District of Florida is in a superior position to oversee the case without being hampered in the handling of its existing docket.

There is no requirement that the motion to transfer should be determined prior to any discovery.[5]

In 28 U.S.C.A. Section 1404(a), the statute stresses that the motion to transfer should be granted "for the convenience of parties and witnesses, in the interest of justice."

---

[5] In Mije Assoc. v. Halliburton Services, et al., S.D.N.Y. 1982, 552 F.Supp. 418, the court held that the motion to transfer to another district was premature prior to discovery, but that the motion should be denied without prejudice.

11

## CONVENIENCE OF PARTIES AND WITNESSES

With regard to discovery in this case, there cannot possibly be inconvenience to the Defendants or the witnesses listed by the Defendants as this discovery and evidence regards liability, and, as stated herein, Plaintiff agrees and will stipulate that the liability discovery be coordinated and consolidated with the other pending cases in the Eastern District of Louisiana. Although it is too early to determine what the Louisiana federal court is going to do, the fact that there are ten (10) cases with the same liability issues, leads to the reasonable conclusion that there will be consolidation in that regard. Therefore, the only additional evidence required in the instant case regards Plaintiff's damages; this evidence, unquestionably, is in Florida.

In the instant case, the attorneys for the Plaintiff have tried a significant number of wrongful death cases under Florida law and are quite familiar with the type of damage evidence needed. Damage evidence can include, but is not limited to, testimony from: teachers, coaches, friends, employers, neighbors, family members, psychologists, and economists, as well as others. We anticipate similar evidence in the trial of the instant case, and these individuals reside in Florida. Additionally, it is expected that Defendants will attempt to show any potential negative testimony regarding the relationships among the various beneficiaries. This evidence, too, is here in Florida. In short, all of the potential damage evidence that will be helpful to both Plaintiff and Defendants in this case, will most likely be available exclusively in Florida.

## CONVENIENCE AT TRIAL

This Court would certainly be in a better position to determine inconvenience. It is

interesting to note that Defendant PHI contends that the negligence at issue arises as the result of conduct in Tennessee by Defendant Aeronautical Accessories, Inc. and by conduct in Connecticut by Defendant Sikorsky.  It is clear, apparently even to Defendants, that many of the liability witnesses are located outside of Louisiana.[6]

As stated herein, Plaintiff reasonably submits that the ten (10) cases pending in the Louisiana federal court will be consolidated as to issues of liability.  It would be inconceivable that the Louisiana federal court would consolidate all twelve (12) cases as to the issue of damages, especially when none of the cases, including the one in Alabama, allow a claim for the loss of net accumulations as available in Florida.

Plaintiff urges this Court to deny Defendants' Motion to Transfer Venue, or, in the alternative, decide the choice of law issue before rendering its decision as to transfer.

## CONCLUSION

If this Court were to decide that Louisiana's law applies, then this case is moot and there would be no need to determine transfer.  If this Court were to determine that Florida's law applies, then every single factor that the Court should consider finds in favor of there being no transfer since the Plaintiff has agreed and will so stipulate that the liability discovery be coordinated and consolidated.

In addition to the ten (10) cases filed in the Eastern District of Louisiana, there is also the wrongful death case filed and pending in Alabama.  Interestingly, the Plaintiff in the Alabama case has also agreed to be bound by the coordination and consolidation of liability

---

[6] See Affidavit of Rickey E. Cook, attached.

13

discovery.  However, Defendants have not moved to transfer that case.  One might wonder

why it becomes so inconvenient for the Defendants and their witnesses to participate in

liability discovery in the instant case here in Florida, but somehow not suffer the same

inconveniences in the Alabama case?

> Respectfully submitted,
>
> _____/s/_____ Fredric G. Levin_____
> **FREDRIC G. LEVIN, ESQUIRE**
> Florida Bar No.:  46840
> **VIRGINIA M. BUCHANAN, ESQUIRE**
> Florida Bar No.:  793116
> Levin Papantonio Thomas Mitchell Echsner
>   & Proctor, P.A.
> 316 S. Baylen Street, Suite 600
> Pensacola, FL 32502
> Tel:     (850) 435-7023
> Fax:     (850) 436-6023
> Email: dgilbert@levinlaw.com
> Email: vbuchanan@levinlaw.com
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2010, the foregoing was electronically

filed with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following Service List.

## Service List

**PETRA L. JUSTICE, ESQUIRE**
Florida Bar No.: 0056109
**L. ROBERT BOURGEOIS, ESQUIRE**

14

Florida Bar No.: 0781540
Banker Lopez Gassler P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL 33602
Tel:     (813) 221-1500
Fax:     (813) 222-3066
Email:   bbourgeois@banerlopez.com
Email: pjustice@bankerlopez.com
*Attorneys for Aeronautical Accessories, Inc.,*
*Bell Helicopter Textron, Inc., and*
*Edwards and Associates, Inc.*

**MICHAEL ROSS CUNNINGHAM, ESQUIRE**
Rose Walker, L.L.P.
3500 Maple Avenue
Suite 900
Dallas, TX 75219
Tel:     (214) 752-8600
Fax:     (214) 752-8700
Email: rcunningham@rosewalker.com
*Attorneys for PHI Air Medical, Inc.*

**JUAN R. SERRANO, ESQUIRE**
Florida Bar No.: 319510
**JONATHAN E. EWING, ESQUIRE**
Florida Bar No.: 40972
Griffin & Serrano, P.A.
707 Southeast 3rd Avenue
Fort. Lauderdale, FL 33316
Tel:     (954) 462-4002
Fax:     (954) 462-4009
Email: jserrano@griffinserrano.com
*Attorneys for PHI Air Medical, Inc.,*
*PHI, Inc., and*
*Petroleum Helicopters, Inc.*

**RICHARD K. CHRISTOVICH, ESQUIRE**
Louisiana Bar No.: 4129
Christovich & Kearney, LLP
601 Poydras Street
Suite 2300
New Orleans, LA 70130-6078
Tel:     (504) 593-4202

Fax:     (504) 561-5743
*Attorneys for Sikorsky Aircraft Corporation*